UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>RONALD DONELL BROWN,<br>    Defendant. | §<br>§<br>§<br>§   CRIM. NO. 4:17-CR-00567-1<br>§<br>§<br>§ |

**UNITED STATES' MOTION TO DISMISS COUNTS 3 AND 4
ON DOUBLE JEOPARDY GROUNDS**

The United States of America files this Motion to Dismiss Counts 3 and 4 on Double Jeopardy Grounds, and would show this Court as follows:

**I. BACKGROUND**

Ronald Donell Brown ("Brown") was charged with multiple offenses committed in his role as the head of a Houston drug trafficking organization, including the murder-for-hire of Marcus Celestine ("Celestine") and the kidnapping of Eric Williams ("Williams") in retaliation for their theft of 56 kilograms of Brown's cocaine. In January 2023, a jury found Brown guilty of seven offenses charged in the superseding indictment (D.E. 130, 354):

**Count 1**: conspiracy to commit the murder for hire of Celestine, a violation of 18 U.S.C. § 1958;

**Count 2**: aiding and abetting the intentional killing of Celestine while engaged in drug trafficking, a violation of 21 U.S.C. § 848(e) and 18 U.S.C. § 2;

**Counts 3 (predicated on Count 1) and 4 (predicated on Count 2)**: two counts of aiding and abetting the use, carrying or brandishing of a firearm during and in relation to a crime of violence causing death by murder, violations of 18 U.S.C. § 924(c) and (j) and 18 U.S.C. § 2;

1

**Count 5**: aiding and abetting the kidnapping of Williams, a violation of 18 U.S.C. § 1201 and 18 U.S.C. § 2;

**Count 6 (predicated on Count 5)**: aiding and abetting the use, carrying or brandishing of a firearm during and in relation to a crime of violence, a violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2; and

**Count 7**: conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846.[1]

The relevant statutory and Guidelines sentencing ranges are as follows:

| Count | Statutory punishment range |
|---|---|
| **Count 1**<br>18 U.S.C. § 1958<br>Conspiracy to commit the murder-for-hire of Celestine resulting in death | Death or life imprisonment<br>18 U.S.C. § 1958(a) |
| **Count 2**<br>21 U.S.C. §§ 848, 2<br>Aiding and abetting the intentional killing of Celestine while engaged in drug trafficking | Death or 20 years to life imprisonment<br>21 U.S.C. § 848(e)(1)(A) |
| **Count 3**<br>**(predicated on Count 1)**<br>18 U.S.C. §§ 924(c) & (j), 2<br>Aiding and abetting the use of a firearm during and in relation to a crime of violence causing death by murder | Death or any term of years or life imprisonment<br>18 U.S.C. § 924(j)(1) |

---

[1] Brown was also charged in the superseding indictment with three counts of attempted witness tampering (Counts 8, 9 and 10), attempted obstruction of an official proceeding (Count 11) and solicitation to commit murder (Count 12) (D.E. 130) but those counts were dismissed near the end of the trial (D.E. 355).

| | |
|---|---|
| **Count 4**<br>**(predicated on Count 2)**<br>18 U.S.C. §§ 924(c) & (j), 2<br>Aiding and abetting the use of a firearm during and in relation to a crime of violence causing death by murder | Death or any term of years or life imprisonment<br>18 U.S.C. § 924(j)(1) |
| **Count 5**<br>18 U.S.C. §§ 1201, 2<br>Aiding and abetting the kidnapping of Williams | Any term of years or life imprisonment<br>18 U.S.C. § 1201(a) |
| **Count 7**<br>21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 846<br>Conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine | 10 years to life imprisonment;<br><br>15 years to life imprisonment if the defendant has a prior conviction for a "serious drug felony" or "serious violent felony;" or<br><br>25 years to life imprisonment if the defendant has two or more prior convictions for a "serious drug felony" or "serious violent felony"[2]<br><br>21 U.S.C. § 841(a) |

At sentencing, this Court granted the United States' motion to dismiss Counts 3 and 4, the two 18 U.S.C. § 924(j) counts predicated on Counts 1 and 2, on double jeopardy grounds (D.E. 451, p. 9). It then imposed four concurrent life sentences on Counts 1, 2, 5 and 7, followed by a consecutive term of 120 months of imprisonment on Count 6, the 18 U.S.C. § 924(c) count (D.E. 451, p.10).

---

[2] Brown has prior convictions for (1) murder (convicted and sentenced as a juvenile); (2) unlawfully carrying a weapon; (3) possession of marijuana; (4) failure to identify; (5) failure to identify; (6) possession of crack cocaine; and (7) aggravated assault of a police officer. D.E. 430 (final PSR), §§ 99-109.

All five of Brown's remaining convictions and three of his sentences (on Counts 5, 6 and 7) were affirmed by the Fifth Circuit Court of Appeals. *United States v. Brown*, 151 F.4th 647, 652-60 & 666 (5th Cir. 2025). However, the Fifth Circuit found this Court had reversibly erred by failing to properly exercise its discretion as to which counts should be dismissed on Double Jeopardy grounds. *Id*. at 660-66. It vacated this Court's grant of the United States' motion to dismiss Counts 3 and 4; vacated Brown's sentences on Counts 3 and 4; and remanded the case to this Court "to make a discretionary determination as to which convictions–Counts One and Two or Counts Three and Four–should be dismissed, and to resentence accordingly." *Id.* at 666.

## II. *BROWN*

A close examination of the Fifth Circuit's resolution of the dismissal-of-counts issue in *Brown* is required. *Id*. at 663-66. After deciding Brown had adequately preserved this issue, *id*. at 660-63, the Court turned to the crux of Brown's argument: "that the district court erred in dismissing Counts Three and Four, instead of the lesser-included offenses charged in Counts One and Two." *Id*. at 663. The parties agreed that punishing Brown for both the § 924(j) offenses and their predicate crimes of violence would violate the Double Jeopardy Clause. *Id*. *See*, *e.g*., *United States v. Sanders*, 113 F.4th 341, 370-71 (5th Cir. 2025) (relying on *Lora v. United States*, 599 U.S. 453, 458-64 (2023)). Thus, the only real question was whether this Court, in granting the United States' Rule 48(a) motion to dismiss, properly dismissed Counts 3 and 4 rather than Counts 1 and 2. *Brown*, 151 F.4th at 663.

The *Brown* panel acknowledged that Rule 48 "implicates the Government's exercise of its discretion to decide whether to dismiss a pending prosecution," but distinguished the facts of this case, where Brown had already been convicted on all counts by a jury. *Id*. It found that "the

4

Government's motion limited the district court's sentencing options" because "the counts the Government moved to dismiss did not require the imposition of a minimum prison term:"

> Offenses under § 924(j) predicated on murder–such as Counts Three and Four– are to "be punished by death or by imprisonment for *any term of years or for life*." 18 U.S.C. § 924(j)(1) (emphasis added). By contrast, the lesser-included counts the Government did not move to dismiss each carried a mandatory prison term. Count One, the offense of conspiracy to commit murder for hire, has a mandatory sentence of life imprisonment when, as here, death results. Id. § 1958(a). Count Two, the crime of aiding and abetting an intentional killing while engaged in drug trafficking, is punishable by "a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment." 21 U.S.C. § 848(a).

*Id*. at 664. "By moving to dismiss the greater-included offenses that carry the term-of-years sentencing option, the Government attempted to take away the district court's discretion to sentence Brown to anything but an aggregate life sentence." *Id*. (citing *Ball v. United States*, 470 U.S. 856, 864 (1985)).

The Court further noted that, as a consequence of this error, the parties made no sentencing arguments and the district court "provided no analysis and made no findings as to the appropriate sentence, did not explain it's choice of sentence, did not cite the 18 U.S.C. § 3553(a) factors, and did not note whether its choice of life imprisonment for Counts Five and Seven was influenced by the fact that Brown was otherwise subject to a mandatory sentence of life imprisonment." *Brown*, 151 F.4th at 664. It also held that this Court, "by accepting the rationale of the Government's Rule 48(a) motion and granting it, removed itself from the determination as to which of Brown's convictions should be invalidated" and thus "allowed the Government to dictate a choice that . . . should have been made by the Court alone." *Id*. at 664-65 (citing *Ball*, 470 U.S. at 864)).

However, the Fifth Circuit soundly rejected Brown's contention that it should order this Court to dismiss Counts 1 and 2 on remand simply because they are the lesser included offenses of Counts 3 and 4. *Brown*, 151 F.4th at 665 (citing *United States v. Peel*, 595 F.3d 763, 768 (7th

5

Cir. 2010)). The panel acknowledged that "district courts ordinarily should enter final judgments of conviction on the greater offense and vacate the conviction on the lesser offenses," but it also recognized that "this is not a case where the lesser-included offenses carry lesser penalties." *Id*. Accordingly, "[u]nder these circumstances, the appropriate remedy is to remand for the district court to exercise its discretion in selecting which counts–whether the lesser- or greater-included offenses–to vacate." *Id*. at 665-66 (quoting *United States v. Chambers*, 944 F.2d 1253, 1269 (6th Cir. 1991) ("where an anomaly in the sentencing guidelines produces a longer sentence on a duplicative lesser-included offense than the greater offense, it is a decision for the trial court which offense to vacate´(internal punctuation omitted)).[3] The Court "therefore express[ed] no opinion on which counts the district court 'should' dismiss." *Id.* Instead, the Court recognized that "although ordinarily a district court should exercise its discretion to vacate the lesser-included offense, there may be 'unusual circumstances and compelling reasons to vacate the greater offense.'" *Id.* (quoting *United States v. Maier*, 646 F.3d 1148, 1154 (9th Cir. 2011) (cleaned up)). The Court vacated this Court's grant of the United States' motion to dismiss; vacated Brown's sentences on Counts 1 and 2; and remanded "for the district court to make a discretionary determination as to which convictions–Counts One and Two or Counts Three and Four–should be dismissed, and to resentence accordingly." *Brown*, 151 F.4th at 666.

---

[3] In this case, Brown's guidelines sentencing range of life imprisonment remains the same regardless of which counts are dismissed. If Counts 1 and 2 were dismissed, the guidelines calculation would be based instead on Count 5; under the multiple counts adjustment rules, his total offense level would be 50 instead of 52 (both are treated as 43 under the Sentencing Table), his criminal history category would remain II and his advisory sentencing guidelines range would still be life imprisonment. *See* D.E. 419, ¶¶ 75-97.

### III. THE UNITED STATES MOVES TO DISMISS COUNTS 3 AND 4 BASED ON THE "UNUSUAL CIRCUMSTANCES AND COMPELLING REASONS" PRESENT IN THIS CASE

Two of the cases heavily relied upon by the *Brown* panel are instructive; they make clear that the *Blockburger* greater-and lesser-included offense elements test is not definitive on the issue of which counts should be dismissed to avoid a Double Jeopardy issue; rather, the facts and circumstances of the case are determinative.

    a.    *Maier* **(9th Circuit)**

In *Maier*, the defendant pled guilty to Count 2, a child pornography possession charge; the other charge in the indictment was for receiving or distributing the child pornography (Count 1). *Maier*, 646 F.3d at 1152. Under precedent prohibiting conviction and sentencing for both possession and receipt/distribution of child pornography when the charges are predicated on the same set of images, the district court was required to exercise its discretion to determine whether Maier should be sentenced under Count 1 or Count 2. *Id.* (citing *United States v. Hector*, 577 F.3d 1099 (9th Cir. 2009)).

The district court vacated the conviction for Count 2, found Maier guilty of and sentenced him under Count 1, the receipt/distribution charge. *Id*. at 1153. In making this decision, the district court held that Maier's extensive distribution of child pornography made the receipt/distribution count "far more appropriate;" a mere possession conviction "would clearly understate Mr. Maier's involvement and criminal activity in this case." *Id*. at 1153. The court also considered the number of images Maier had distributed and received; the number of victims depicted in those images; and the number of persons with whom Maier had exchanged child pornography. *Id*. at 1154-55. The court also evaluated those facts under the § 3553(a) factors and concluded that sentencing under Count 1 satisfied those factors. *Id*. at 1153-54.

The Ninth Circuit affirmed:

> In choosing which count to vacate, the district court clearly evaluated the totality of the circumstances of Maier's case under *Hector* along with the § 3553(a) factors. Because the district court vacated the lesser-included offense and there were no compelling reasons to do otherwise, the district court did not abuse its discretion.

*Id*. at 1155.

While the district court in *Maier* ultimately vacated the lesser-included possession of child pornography conviction, its reasoning is equally applicable here. Brown's involvement in and culpability for the offenses make Count 1 (conspiracy to commit the murder-for-hire of Celestine) and Count 2 (aiding and abetting the intentional killing of Celestine while engaged in drug trafficking) "far more appropriate;" two convictions for firearms offenses (Counts 3 and 4) "would clearly understate [Brown]'s involvement and criminal activity in this case." *Id*. at 1153.

Moreover, retaining the more serious charges in Counts 1 and 2 would also satisfy the § 3553(a) factors by recognizing

-- the very serious nature of the offense and Brown's characteristics, § 3553(a)(1);

--the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law and provide just punishment, § 3553(a)(2)(A);

--the need for the sentence to afford adequate deterrence to criminal conduct, § 3553(a)(2)(B); and

--the need for the sentence to protect the public from further crimes of Brown, § 3553(a)(2)(C).

Brown was not merely responsible for the use of firearms in this case. Rather, he was the undisputed kingpin of an extensive drug trafficking organization that distributed cocaine, marijuana and other drugs from Houston to Atlanta and elsewhere for years.

To maintain control over the lucrative drug trafficking organization, he controlled his associates through fear and intimidation. When he suspected that Celestine and Williams had stolen 56 kilograms of his cocaine at gunpoint from a transporter, Brown sought retribution. He first summoned Williams to the organization's hangout, then had him zip-tied and thrown in the trunk of a vehicle. Williams survived only because he managed to escape from the trunk of the moving vehicle and because he was then aided by a passing good Samaritan. Brown shot both Williams and the good Samaritan in an attempt to murder Williams. In the face of this failure, Brown hired a professional to deal with Celestine. Brown pressed a corrupt parole officer on his payroll to divulge the date of Celestine's next parole visit, then paid Clyde Williams to assassinate Celestine, in broad daylight, in the parking lot of the parole office near downtown Houston.

In light of these facts and circumstances and even though Counts 3 and 4 are predicated upon and are the greater-included offenses of Counts 1 and 2, two firearms convictions simply would not adequately represent Brown's egregious actions in this case or his culpability as the instigator who conceived, planned and effected the assassination of Celestine to maintain control over his drug trafficking business.

    **b.**    *Peel* **(7th Circuit)**

Peel possessed nude photos of his wife's underage sister, with whom he had an affair. *Peel*, 595 F.3d at 765. The Peels divorced and agreed to a marital settlement, but Peel later moved to vacate the agreement. *Id*. at 765-66. He also filed for bankruptcy and asked the court to discharge his obligation to his ex-wife. *Id*. at 766. During this acrimonious litigation, Peel tried to blackmail Mrs. Peel to withdraw her claims by threatening to make public the nude photos of her sister. *Id*. She recorded and reported his threats, resulting in his convictions for bankruptcy fraud, obstruction of justice and possession of child pornography. Id.

On appeal, Peel argued that convicting him of both bankruptcy fraud and obstruction of justice violated the Double Jeopardy Clause. *Id*. The Seventh Circuit agreed and turned to the matter of which conviction should be vacated. *Id*. at 766-68.

Peel argued that his obstruction conviction should be vacated, even though it carried a higher statutory maximum sentence, because it was a lesser-included offense of bankruptcy fraud. *Id.* at 767. The Seventh Circuit agreed that the obstruction charge was the "lesser" offense under the *Blockburger* elements test–"one can commit obstruction of justice without committing bankruptcy fraud but not bankruptcy fraud without committing obstruction of justice"–and agreed that vacating one conviction was the remedy "to eliminate the doubleness." *Id*.

However, the Seventh Circuit disagreed that the *Blockburger* test was definitive as to which conviction should be vacated:

> But which conviction should be vacated is not dictated by the Constitution. It is a matter committed to the trial judge's sound discretion because functionally it is a decision concerning the length of the defendant's sentence . . . [U]sually it's the conviction carrying the lesser penalty that is vacated . . . [But] it would be paradoxical to give the defendant a shorter sentence than he would have received had the government not also charged him with the less serious offense.
>
> What is true is that in a case in which the lesser-included offense has fewer elements and is the less serious offense, vacating the sentence for the graver offense would be an abuse of discretion; imagine convicting a person of attempted murder and punishing him only for the attempt. This is not such a case; the lesser-included offense of obstruction of justice is the graver offense.

*Id*. The Seventh Circuit "remanded with directions that the judge vacate either the bankruptcy fraud conviction or the obstruction of justice conviction[.]" *Id*. at 774.

The Seventh Circuit's reasoning applies here. Counts 1 and 2 are technically the "lesser" offenses under the *Blockburger* elements test because they are predicated on Counts 1 and 2; to paraphrase *Peel*, one could commit Counts 1 and 2 without committing Counts 3 and 4, but could

10

not commit Counts 3 and 4 without also committing Counts 1 and 2. *See id*. at 767. Nevertheless, Counts 1 and 2 are the "graver" offenses, both factually and legally in terms of the possible sentencing exposure. Under the reasoning of *Peel*, this Court should dismiss Counts 3 and 4 and retain Counts 1 and 2.

In conclusion, in light of *Brown*, *Maier and Peel*, the "unusual circumstances and compelling reasons" in this case demonstrate that this Court should dismiss Counts 3 and 4 and sentence Brown on Counts 1 and 2. The United States also asks this Court to make a finding, as requested by the Fifth Circuit in *Brown*, that its previous imposition of life sentences on Counts 5 and 7 was not "influenced by the fact that Brown was otherwise subject to a mandatory sentence of life imprisonment." *See Brown*, 151 F.4th at 664.

## IV. PRAYER

The Government respectfully requests this Court to (1) enter an order dismissing Counts 3 and 4; (2) sentence Brown on Counts 1 and 2; and (3) make a finding that its previous imposition of life sentences on Counts 5 and 7 was not "influenced by the fact that Brown was otherwise subject to a mandatory sentence of life imprisonment." *See Brown*, 151 F.4th at 664.

Respectfully submitted,

NICHOLAS J. GANGEI
United States Attorney


By:   s/ Sebastian Edwards
      SEBASTIAN EDWARDS
      Assistant United States Attorney