IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CRIM. NO. 4:17CR00567-001 |
| | § | |
| vs. | § | HON. SIM LAKE |
| | § | |
| RONALD DONELL BROWN | § | |

### MEMORANDUM OF LAW ON WHICH COUNTS TO DISMISS

TO THE HONORABLE SIM LAKE:

COMES NOW Defendant Ronald Donnell Brown, and files his memorandum of law on which counts to dismiss following remand from the Court of Appeals.

### I.

The Court entered an Order setting a resentencing of Mr. Brown and directing the parties to file "a memorandum of law stating its position, and supporting legal authority, whether the Court should dismiss Counts One and Two, or Counts Three and Four of the Indictment." Dckt. 550. Defendant Brown hereby files his memorandum of law on which Counts the Court should dismiss.

### II.

In its opinion remanding for resentencing in this case, the Fifth Circuit held that which conviction must be vacated under the Double Jeopardy clause is a matter committed to the trial judge's discretion, because functionally it is a decision concerning the length of the defendant's sentence:

> The Supreme Court has recognized that where, as here, the presumption against cumulative punishment requires the invalidation of a conviction, the district court must "exercise its discretion to vacate one of the underlying convictions." *Ball* [*v. United States*], 470 U.S. [856,] 864 [(1985)]; s*ee also Lanier v. United States*, 220 F.3d 833, 841 (7th Cir. 2000) ("[W]hen the presumption against double punishment requires invalidation of the conviction for either the greater or lesser offense, the

1

> choice of which conviction to vacate rests with the sound discretion of the district court.")…. In so doing, the district court allowed the Government to dictate a choice that, under *Ball v. United States*, should have been made by the court alone. *See* 470 U.S. at 864; *see also United States v. Peel*, 595 F.3d 763, 768 (7th Cir. 2010) ("[W]hich conviction must be vacated . . . is a matter committed to the trial judge's discretion because functionally it is a decision concerning the length of the defendant's sentence."); *United States v. Hector*, 577 F.3d 1099, 1101, 1103–04 (9th Cir. 2009) (noting that district courts must exercise discretion in determining which counts to vacate, even "where a defendant's conduct violated two statutes and the prosecutor decided the case warranted the more severe charge").

*United States v. Brown*, No. 24-20095, slip opn. at 24-25 (5th Cir. Aug 12, 2025).

Under the particular factual scenario presented here,[1] where the lesser-included offenses (Counts One and Two) carry a greater mandatory minimum sentence (Count One-a mandatory minimum of life, and Count Two-a mandatory minimum of twenty years imprisonment), but not a greater maximum punishment, because Counts One through Four all carry the same maximum punishment of life imprisonment, the Fifth Circuit determined that this Court should exercise its traditional sentencing discretion to decide which counts to dismiss:

> Counts One and Two (the lesser-included offenses) carry mandatory prison terms, 18 U.S.C. § 1958(a); 21 U.S.C. § 848(a), whereas Counts Three and Four (the greater-included offenses) allow for "imprisonment for any term of years," 18 U.S.C. § 924(j)(1). Under these circumstances, the appropriate remedy is to remand for the district court to exercise its discretion in selecting which counts—whether the lesser- or greater-included offenses— to vacate. *E.g., Peel*, 595 F.3d at 767–68 (remanding case for district judge to vacate one of two convictions rather than ordering vacatur of the lesser-included offense when that lesser offense, although "lesser in the sense of having fewer elements," carried with it the greater penalty). As the Sixth Circuit has explained, where an "anomaly in the sentencing guidelines" produces a longer sentence on a duplicative lesser-included offense than the greater offense, "it is a decision for the trial court" which offense to vacate. *United States v. Chambers*, 944 F.2d 1253, 1269 (6th Cir. 1991). We therefore express no opinion on which counts the district court "should" dismiss. *See United States v. Maier*, 646 F.3d 1148, 1154 (9th Cir. 2011) (recognizing that although ordinarily a "a district court 'should' exercise its discretion to vacate the lesser-included offense," there may be "unusual circumstances and compelling reasons to vacate the greater offense").

---

[1] "Counts One and Two (the lesser-included offenses) carry mandatory prison terms, 18 U.S.C. § 1958(a); 21 U.S.C. § 848(a), whereas Counts Three and Four (the greater-included offenses) allow for 'imprisonment for any term of years,' 18 U.S.C. § 924(j)(1)." *United States v. Brown*, No. 24-20095, slip opn. at 26.

*United States v. Brown*, No. 24-20095, slip opn. at 26.

The Fifth Circuit found that "although ordinarily 'a district court 'should' exercise its discretion to vacate the lesser-included offense,' there may be "unusual circumstances and compelling reasons to vacate the greater offense." Thus, the fundamental question is whether there are unusual circumstances and compelling reasons to vacate the greater offense—here, Counts Three and Four, the 18 U.S.C. § 924(j)(1) counts. In making this sentencing decision, the Court should analyze the 18 U.S.C. § 3553(a) factors, which remain mandatory and guide the Court's sentencing discretion overall after the Sentencing Guidelines have become advisory. See 18 U.S.C. § 3553(a); *United States v. Booker*, 543 U.S. 220 (2005); *Gall v. United States*, 552 U.S. 38, at 50 n.6 (2007).

> The district court must more thoroughly articulate its reasons when it imposes a non-Guideline sentence than when it imposes a sentence under authority of the Sentencing Guidelines. These reasons should be fact-specific and consistent with the sentencing factors enumerated in section 3553(a). The farther a sentence varies from the applicable Guideline sentence, 'the more compelling the justification based on factors in section 3553(a)' must be. The court, however, need not engage in 'robotic incantations that each statutory factor has been considered.' Congress never intended sentencing "to become a hypertechnical exercise devoid of common sense." Thus, a checklist recitation of the section 3553(a) factors is neither necessary nor sufficient for a sentence to be reasonable. The purpose of the district court's statement of reasons is to enable the reviewing court to determine whether, as a matter of substance, the sentencing factors in section 3553(a) support the sentence.

*United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006)(internal citations omitted).

Brown requests the Court to dismiss Counts One and Two, the lesser-included offenses, and exercise its sentencing discretion under § 3553(a) at a full resentencing of Mr. Brown, because there are no "unusual circumstances and compelling reasons to vacate the greater offense." The parties have previously conferred and agree that a full sentencing hearing fully considering the 18 U.S.C. § 3553(a) factors as to all counts of conviction is required, but was not done at the original

sentencing. Brown will be shortly filing a sentencing memorandum addressing the 18 USC. 3553(a) factors and his arguments for a particular sentence.

THEREFORE, Brown respectfully requests that the Court dismiss Counts One and Two after a full sentencing hearing, and sentence Brown pursuant to the mandates of 18 U.S.C. § 3553(a) after hearing the arguments of the parties.

Respectfully submitted,

BY: /s/ *Ken McGuire*
Kenneth W. McGuire
State Bar No. 00798361
P.O. Box 79535
Houston, TX 77279
Telephone:   (713) 223-1558
Facsimile:    (713) 335-3340

Attorney for Defendant
Ronald Donell Brown

CERTIFICATE OF SERVICE

I, Ken McGuire, do hereby certify that on this _____October 31st_____, 2025, a copy of the foregoing Motion was served by ECF service to the following counsel of record:

Sebastian Edwards
Britni Cooper
U.S. Attorney's Office
P.O. Box 61129
Houston, Texas 77002
    Attorneys for United States

Dominique Sanders
United States Probation Officer
U.S. Courthouse
515 Smith St.
Houston, Texas 77002

/s/ *Ken McGuire*
KENNETH W. MCGUIRE